646 So.2d 1062 (1994)
STATE of Louisiana
v.
Joseph CONRAD.
No. 94-KA-232.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1994.
Martin E. Regan, Jr., Kevin V. Boshea, Regan, Manasseh & Boshea, New Orleans, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal relates to an armed robbery wherein the defendant appeals his conviction as a second offender on the basis the filing of the multiple offender bill was untimely and *1063 the State of Louisiana (the State) failed to carry its burden of proving the constitutionality of defendant's alleged prior guilty plea. We amend and, as amended, we affirm.

ISSUES
(1) Whether the filing of a second multiple offender bill of information is timely when it is filed approximately 14 months after the date the first multiple offender bill was dismissed and the date defendant was initially sentenced, and
(2) Whether the introduction of a minute entry from a prior conviction indicating defendant's guilty plea can be sufficient to prove defendant knowingly and intelligently waived his Boykin rights for the purpose of finding defendant to be a multiple offender.

FACTS AND PROCEDURAL HISTORY
On November 15, 1991, a jury convicted defendant-appellant of armed robbery. Approximately one month and two weeks later, on December 27, 1991, the State filed a multiple offender bill against defendant to which defendant pled not guilty. A hearing on the multiple bill was originally scheduled for June 24, 1992, but several continuances were granted, and the hearing never took place. The record indicates the multiple bill was dismissed on September 4, 1992, which is the same day defendant was sentenced to 49½ years without benefit of parole, probation or suspension of sentence.
Defendant appealed his conviction and sentence to this Court. We affirmed the conviction and amended the sentence to give him credit for time served. See State v. Conrad, 620 So.2d 366 (La.App. 5th Cir.1993). However, in October 1993, the Louisiana Supreme Court granted writs, in part, vacating defendant's sentence and ordered the case to be remanded to the district court for re-sentencing in compliance with La.Code Crim.P. art. 894.1. 625 So.2d 158.
Thereafter, in November 1993, the State filed a second multiple offender bill. Defendant filed a motion to quash the multiple bill on the basis it was untimely. The trial court denied the motion to quash, and a hearing on the multiple bill was held December 10, 1993. Defendant was found to be a second offender and was re-sentenced to 49½ years without benefit of probation or suspension of sentence.

ANALYSISISSUE ONE
While the multiple offender statute, La.R.S. 15:529.1(D), does not impose a prescriptive period, our jurisprudence clearly indicates the State must file the information "within a reasonable time after the prosecution knows that a defendant has a prior felony record." State v. Broussard, 416 So.2d 109, 110 (La.1982) (citations omitted). The rationale is based squarely upon the defendant's constitutional right to a speedy trial and that, upon conviction, he is entitled to know the full consequences of the verdict within a reasonable time. Commonsensibly, any conclusion as to what constitutes a reasonable time must be determined on a case-by-case basis. See State v. Broussard, supra, and State v. Ross, 542 So.2d 631 (La.App. 5th Cir.1989).
The record shows that the defendant was charged as a multiple offender on December 27, 1991, which was only one month after his armed robbery conviction. This original multiple bill was not dismissed until he was sentenced on September 4, 1992. Defendant subsequently appealed his conviction and sentence on May 25, 1993. On October 1, 1993, the Louisiana Supreme Court vacated defendant's sentence and remanded the matter for re-sentencing. Two months later, on November 29, 1993, the State filed a second multiple offender bill. Recognizing this factual scenario, we cannot reasonably conclude there was an unreasonable delay in the institution of the multiple offender proceedings. The purpose of requiring the State to file a multiple bill within a reasonable time has not been thwarted (in the delays presented) simply because the defendant was initially put on notice of the State's intent to multiple bill one month after defendant's 1991 conviction.

ANALYSISISSUE TWO
In addressing the final issue, we note the Louisiana Supreme Court, of recent vintage in State v. Shelton, 621 So.2d 769 (La. 1993), adopted a new burden of proof scheme *1064 in habitual offender proceedings summarized as follows:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary.
We see that the second multiple offender bill was filed in November 1993. The defendant then denied the allegations contained therein, and a hearing was held on December 10, 1993. At that point, the State introduced a minute entry, dated April 10, 1984, which reflected defendant's guilty plea to an armed robbery charge and indicated he was represented by counsel. In accordance with our jurisprudential scheme, the burden then shifted to the defendant to affirmatively prove an infringement existed on his rights or a procedural irregularity occurred in the taking of the plea itself.[1] The record does not reflect the defendant attempted to prove either; ergo, he failed to carry his burden of proof. Therefore, this assignment has no merit.
Finally we note, the record reflects defendant's initial sentence was 49½ years without benefit of parole, probation or suspension of sentence. Upon re-sentencing, after his conviction as a multiple offender, he was sentenced to 49½ years without benefit of probation or suspension of sentence. Defendant claims that because he has been convicted as a multiple offender and is no longer entitled to good time under La.R.S. 15:571.3(C)(2), his second sentence was harsher and was intended to punish him for a successful appeal in violation of his Due Process. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
Defendant's so-called harsher sentence was simply the result of being convicted as a multiple offender. Because we have already concluded the multiple bill was reasonable and, therefore, timely filed in light of the circumstances, we cannot attribute defendant's so-called harsher sentence to his successful appeal. Furthermore, we question whether defendant's second sentence is, in fact, harsher than his initial sentence. It appears his second sentence, which was not imposed without parole, is illegally lenient in that La.R.S. 14:64 requires anyone convicted of armed robbery to be sentenced without benefit of parole. However, since the State did not question the leniency of the sentence, such error cannot be corrected by this Court. State v. Gonzales, 515 So.2d 819 (La.App. 5th Cir.1987).
Also, in our review for errors patent, we note that neither the sentencing transcript nor the amended commitment form reflect credit for time served as mandated by La.Code Crim.P. art. 880. Ergo, we amend the sentence to reflect credit for time served and, accordingly, hereby instruct the trial judge to amend the commitment form to reflect credit for time served. In all other respects, the defendant's conviction and sentence are hereby affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The transcript from the multiple offender hearing indicates defendant objected to the introduction of the minute entry. However, no reason for the objection was given at the time of the objection, and the objection was not brought up on appeal.