685 So.2d 261 (1996)
STATE of Louisiana
v.
Abdul THOMAS.
No. 96-KA-464.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1996.
*262 Jack M. Capella, Terry M. Boudreaux, Alison Wallis, District Attorney's Office, Parish of Jefferson, Gretna, for Plaintiff/Appellee, State of Louisiana.
Bruce G. Whittaker, Indigent Defender Board, Gretna, for Defendant/Appellant, Abdul Thomas.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
The defendant was convicted of attempted first degree murder in violation of La.R.S. 14:27 and 14:30 and was sentenced as a third offender to 100 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals. We affirm the conviction; and amend and affirm the sentence given to the defendant.

FACTS
In the early morning hours of February 16, 1995, Officer John Louis, Jr., of the Kenner Police Department, was patrolling the area of north Kenner. In response to a radio report, he proceeded to Williams Boulevard, where he joined in the pursuit of a white Ford Probe being driven by a man later identified as defendant, and who was fleeing from the police after a traffic stop. While traveling southbound in the 3900 block of Williams Boulevard, he glanced into an empty lot and saw a black male exiting a white Ford Probe which was parked in the rear of the lot. The subject then began running toward 39th Street and Officer Louis "went around the corner to cut him off which is 39th Street." Upon seeing the subject emerge from a "clearing," Officer Louis decided to exit his unit in order to chase him on foot. However, before Officer Louis could exit his unit, the subject drew a gun from his waistband and began firing at him. The subject fired a total of five shots and two shots struck the unit Officer Louis was driving.
The defendant was subsequently apprehended by Officer Jaume of the Kenner Police Department and was identified at the scene by Officer Louis.

ANALYSIS
In this appeal, defendant argues that the trial court erred in denying appellant's motion for mistrial premised upon the state's deliberate elicitation of testimony from Norman Nero, renter of a Ford Probe, referring indirectly to another crime, evidence of which was inadmissible.
The defendant specifically objects to the following testimony deliberately elicited by the prosecutor during his direct examination of Norman Nero:
Q. Mr. Nero, did you rent a car, a white Ford Probe from Budget Rent-A-Car on Friday, February 9, 1995?
A. February 10th, yes, I did.
Q. I'm going to show you two photographs which have previously been identified as State's Exhibits 2 and 3 [which depict a front and rear view of the white *263 Ford Probe] and ask you if you recognize the car that is depicted.
A. Yes, I do.
Q. Now, specifically, how do you know that this car right here is the car that you rented? Did you see it again after you rented it?
A. Yes, I did.
Q. Where did you pick it up from?
A. I didn't pick up the car. They called me to come pick up some belongings that was in the car.
* * * * * *
Q. Were you in your Ford Probe at that time [approximately 12:48 A.M. on February 12, 1995]?
A. Yes, I was.
Q. Okay. And what part of this area were you in?
A. In the area of Earhart and Washington.
Q. At that time did something occur where you were no longer in possession of that car?
A. Yes.
* * * * * *
Q. When was the next time after February 12th, 1995 that you saw that car next?
A. I believe the day was maybe February 16th [the date of the instant offense].
The defendant contends that this testimony was designed to invite the jury to conclude that he deprived Nero of his car at 12:48 a.m. on February 12, 1995 thereby raising the inference that the defendant was a "car jacker." Defendant contends that this testimony constituted an impermissible reference to another crime.
La.C.Cr.P. art. 770 provides in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
As a general rule, because a state witness is not a "court official" within meaning of La.C.Cr.P. art. 770, the provisions of La.C.Cr.P. art. 771, rather than La.C.Cr.P. art. 770, would apply. However, the jurisprudence reflects that an impermissible reference to another crime deliberately elicited by the prosecutor would be imputable to the state and would also mandate a mistrial. The reference must be to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. State v. Madison, 345 So.2d 485 (La.1977).
In the instant case, the challenged testimony does not appear to be a reference to any crime allegedly committed by the defendant. The testimony was that at 12:48 a.m. on February 12, 1995 in the area of Earhart and Washington "something occur[red]" where Nero was no longer in possession of his rented car and that he did not see the car again until February 16, 1995 when he went to retrieve some items that he left in the car. The testimony was not necessarily indicative of criminal activity, especially considering that "something occur[ring]" could have been a mechanical failure of the car which required Nero to have it towed back to the rental company. Furthermore, the testimony did not implicate the defendant as being perpetrator of the "something occur[ring]."
Assuming arguendo that the defendant is correct in his contention, a mistrial is not automatically warranted. Recently, in State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, 101-102, reconsideration denied, 94-1379 (La.4/8/96), 671 So.2d 332, the Louisiana Supreme Court stated the following regarding La.C.Cr.P. art. 770(2):

*264 This Court has previously held that violation of this rule is per se prejudicial and a substantial denial of the defendant's statutory rights, reasoning that the effect on a jury of evidence of inadmissible other crimes evidence cannot be determined. See State v. Brown, 428 So.2d 438 (La. 1983). This is so even where a defendant fails to move for a mistrial, as required, as long as an objection is entered. See State v. Duke, 362 So.2d 559 (La.1978); State v. Hamilton, 356 So.2d 1360 (La. 1978).
We reject this per se rule as it impacts appellate review. Although Article 770 is couched in mandatory terms, this is a rule for trial procedure. Its operation depends upon motion by the defendant. The defendant may even waive its mandatory mistrial effect by requesting an admonition only. We find instead, that the mandatory language of LSA-C.Cr.P. art. 921 provides the proper scope of appellate review; i.e., a judgment or ruling shall not be reversed due to error unless the error affects substantial rights of the accused. (Footnote omitted)

* * * * * *
Based on the foregoing, we hold that the introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis. Insofar as State v. Brown, supra, and other cases have held the admission of inadmissible other crimes evidence is per se prejudicial and not subject to harmless error review, they are overruled.

[Emphasis supplied].
Accordingly, the testimony complained of herein is subject to the "harmless error" rule. The analysis for determining harmless error is whether the verdict actually rendered in this case was surely unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), on remand, 623 So.2d 1315 (La.1993); State v. Johnson, supra.
Considering that Officer Louis positively identified the defendant on the scene and at trial as the perpetrator who repeatedly fired upon him, we hold that any error in admitting the testimony complained of by defendant, indeed was harmless.
The defendant also requests that we review the record for patent error. Our review of the record reveals the following errors:
1. The trial court failed to instruct the defendant of the three year prescriptive period for post conviction relief pursuant to La.C.Cr.P. art. 930.8. Accordingly we remand this matter and order the trial court to inform the defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within 10 days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
2. The transcripts of the defendant's original sentencing and the multiple bill sentencing fail to show that the trial court gave the defendant credit toward service of his sentence for time spent in actual custody prior to imposition of sentence as is mandated by La.C.Cr.P. art. 880. We, therefore, amend the sentence to give the defendant such credit.
3. The defendant's 100-year sentence as a third felony offender is illegal in that the trial court required the sentence to be served without benefit of parole. La.R.S. 15:529.1(G) only provides for the imposition of sentence without benefit of probation and suspension of sentencenot parole. Furthermore, at the time of the commission of the offense, the sentencing provision of the underlying conviction, La. R.S. 14:27(D)(1), did not provide for the imposition of sentence without benefit of parole, probation or suspension of sentence. See State v. See, 467 So.2d 525 (La.1985). Pursuant to La.C.Cr.P. art. 832 which provides that an appellate court may correct an illegal sentence at any time, we amend the sentence to strike and delete that portion which provides that it shall be served without benefit of parole.
For the above discussed reasons, the defendant's conviction is affirmed. The defendant's sentence is amended and affirmed, and the case is remanded to order the trial court to inform the defendant of the delays for *265 applying for post conviction relief pursuant to La.C.Cr.P. art. 930.8.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED; CASE REMANDED.