708 So.2d 1126 (1998)
STATE of Louisiana
v.
Richard A. SCAMARDO a/k/a Richard Scamardo.
No. 97-KA-197.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1998.
*1127 Paul D. Connick, Jr., Terry M. Boudreaux, George Saleem Hesni, II, District Attorney's Office, Gretna, for Plaintiff/Appellee State.
Bruce G. Whittaker, Louisiana Appellate Project, Gretna, for Defendant/Appellant Richard A. Scamardo.
Before GRISBAUM, BOWES and CANNELLA, JJ.
BOWES, Judge.
Defendant, Richard A. Scamardo, was convicted of theft of goods valued at $100.00 to $500.00, a violation of La. R.S. 14:67.10, and he was sentenced to two (2) years at hard labor, with credit for time served. Defendant was subsequently adjudicated a fourth time felony offender and sentenced to twenty (20) years at hard labor, without benefit of probation or suspension of sentence, with credit for time served. Defendant now appeals. For the following reasons, we affirm the defendant's conviction and sentence.

*1128 FACTS

The evidence at trial adduced the following facts.
On December 20, 1994, Ricky Bremer was working as an executive assistant manager at a Walgreens store. Mr. Bremer testified that on that date, about 3:15 p.m., he was informed that there was a suspicious person in the store who had picked up some merchandise. Mr. Bremer walked to the aisle and saw the defendant "shoving" casino games into either his jacket or his shirt. As the defendant was walking towards the exit of the store, Mr. Bremer stopped him and asked the defendant if he had anything he wished to pay for. The defendant said no. At that point Mr. Bremer could see the merchandise under the defendant's jacket. Mr. Bremer testified that he and two other men detained the defendant. In the struggle, the defendant dropped the merchandise on the floor in the store hallway. Soon after, the police arrived and transported the defendant out of the store.
Three other Walgreens' employees testified at trial and corroborated Mr. Bremer's story. The merchandise was valued at approximately $172.00.

ANALYSIS
Counsel for defendant has filed a brief in which he assigns as error the trial court's failure to grant appellant's pre-trial motion to change his plea to not guilty and not guilty by reason of insanity, or alternatively, to determine whether appellant was presently competent to proceed. In addition, counsel requests that we review the record for errors patent.
In addition, defendant has filed a pro se brief in which he raises four assignments of error, in which he alleges:
(1) that the trial court erred in vacating his original sentence prior to the multiple bill hearing;
(2) that the trial court erred in finding him to be a multiple offender,
(3) that the trial court erred in finding him to be a fourth felony offender; and
(4) that the trial court erred in denying his constitutional right to present a defense (by failing to allow him to change his plea from not guilty to not guilty by reason of insanity).

MOTION TO CHANGE PLEA/CAPACITY TO PROCEED
In his brief, counsel for defendant alleges that the trial court erred by not considering defendant's pre-trial motion to change his plea from not guilty to not guilty and not guilty by reason of insanity, or alternatively in not finding that defendant had the mental capacity to proceed. In addition, defendant in his pro se brief alleges that the trial court, in failing to allow him to change his plea, denied him his constitutional right to present a defense.
The record reflects that defendant was originally represented by appointed counsel; however, shortly before trial, retained counsel enrolled in this case. On May 2, 1995, the day of trial, along with several other motions, defense counsel filed a motion to change defendant's plea from not guilty to not guilty and not guilty by reason of insanity. In this motion, defense counsel alleged that defendant was suffering from a mental defect and was not able to tell right from wrong at the time of the commission of the alleged crime. This motion was not considered prior to trial.
After he was convicted, defendant filed a motion for new trial based upon the trial court's failure to entertain his motion to change the plea, and the trial court's failure to "order an examination to determine the accused's mental condition at the time the offense was committed."
Subsequently, the defendant filed an application for appointment of a sanity commission. In the application the defendant alleged that:
(1) the defendant was unable to distinguish right from wrong at the time of the offense: and
(2) the defendant lacked the mental capacity to proceed.
The trial court considered the defendant's capacity to proceed and heard the defendant's motion for new trial. The trial judge *1129 found that defendant was competent to proceed and he denied the motion for new trial.
On appeal, defendant alleges that the trial court erred in failing to consider the motion to change the plea prior to the start of trial. However, this Court has held that motions pending at commencement of trial are waived if defendant proceeds at trial without raising as an issue the fact that the motions were not ruled upon. State v. Price, 96-680 (La.App. 5 Cir. 2/25/97), 690 So.2d 191. By proceeding to trial without objection, the defendant waived his right to have the motion considered.
Defendant argues alternatively that the trial court erred by not determining whether the defendant was competent to proceed prior to the trial of this matter.
La.C.Cr.P. art. 642 provides that once a defendant's mental capacity to proceed is called into question, there shall be no further steps in the criminal prosecution. La.C.Cr.P. art. 643 further provides that the court is required to order a mental examination of the defendant when it has reasonable grounds to doubt defendant's capacity. The ordering of a sanity commission to inquire into the defendant's present capacity to proceed rests in the sound discretion of the trial court. State v. Bibb, 626 So.2d 913 (La.App. 5 Cir.1993), writ denied, 93-K-3127 (La.9/16/94), 642 So.2d 188. Furthermore, the ruling of a district court on a defendant's mental capacity to proceed is entitled to great weight on appellate review, and will not be overturned absent an abuse of discretion. State v. Bibb, supra.
There is nothing in the record to suggest that the defendant raised the issue of his competency to proceed prior to trial. The defendant first raised the issue after trial in his application for appointment of a sanity commission. Pursuant to a sanity commission hearing, the trial court found the defendant was competent to proceed. Based on our review of the record, we find no abuse of discretion in this ruling of the trial court. Therefore, we find no error in this regard.

ERRORS PATENT
We have reviewed the record in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La. 1983) and note that the trial court failed to advise the defendant of the three year period for filing post-conviction relief as mandated by La.C.Cr.P. art. 930.8. Accordingly, we remand this matter and order the trial court to inform the defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten (10) days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5 Cir. 1/14/94), 643 So.2d 1289; State v. Thomas, 96-464 (La.App. 5 Cir. 11/14/96), 685 So.2d 261.
We find no other errors patent on the face of the record which warrant consideration.

MULTIPLE OFFENDER PROCEEDINGS
The defendant first argues, in his pro-se brief, that the trial court erred in vacating his sentence prior to his adjudication as a multiple offender.
The record reflects that defendant was initially sentenced to two years. At that sentencing hearing, and immediately after imposing the sentence, the trial court set aside that sentence in light of the multiple bill filed by the state. The multiple bill hearing was held approximately ten months later.
La. R.S. 15:529.1(D)(3) provides in part:
When the judge finds that he [the defendant] has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new *1130 sentence the time actually served under the sentence so vacated.
[Emphasis added].
The court is, therefore, required to vacate the defendant's previous sentence prior to imposing an enhanced sentence on the defendant as a multiple offender.
Here, the defendant's original sentence was vacated immediately upon imposition. The defendant then remained incarcerated for approximately ten months prior to the multiple bill hearing. The defendant argues that he was prejudiced when his sentence as a multiple offender was unreasonably delayed.
La.C.Cr.P. art. 874 states:
If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.
The record of this case shows that the defendant failed to invoke the supervisory jurisdiction of this Court in regards to the delay in sentencing.[1]
In addition, in this appeal, the defendant has failed to show how he was prejudiced by the delay. Defendant was, at the time of the imposition and then vacation of his original sentence, and until he was resentenced, on notice that the state intended to prosecute on a multiple bill. Compare State v. Serio, 95-338 (La.App. 5 Cir. 2/14/96), 670 So.2d 1273, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388.
Defendant argues that he would have been released on "good time" had the state delayed his resentencing. Because he should have been released, the state was without authority to resentence pursuant to the multiple bill. This assertion is incorrect. In State v. Dominick, 94-1368 (La.App. 4 Cir. 4/26/95), 658 So.2d 1, writ denied, 95-2291 (La.2/2/96), 666 So.2d 1091, the court upheld the resentencing of a defendant as a multiple offender, after defendant had obtained a good time release and had been placed on parole. The court noted that although the defendant was released on parole, he was not yet discharged from custody because "[T]he expiration of a sentence is the date that the defendant is discharged from supervision; that is the discharge date under the sentence imposed." Id., at page two. Accordingly, we find no merit to this allegation of error.
Defendant next contends that the trial court improperly adjudicated him to be a multiple offender because there was no showing that defendant was advised of his rights during the prior guilty pleas.
In this case, the state filed a bill of information alleging defendant to be a second felony offender under La. R.S. 15:529.1, et seq. Defendant denied the allegations of the multiple offender bill of information by entering a plea of not guilty to the multiple bill. In addition, defendant filed a motion to quash the multiple bill.
In 1993, the legislature enacted La. R.S. 15:529.1(D)(1)(b) to establish "the procedure to be followed to attack the validity of a prior conviction" and "to set forth burdens of proof." 1993 La. Acts 1993, No. 896. La. R.S. art. 15:529.1(D)(1)(b) provides as follows:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made *1131 before sentence is imposed may not thereafter be raised to attack the sentence.

[Emphasis supplied].
In this case, the defendant did file a motion to quash the multiple bill, alleging that the bill contains insufficient evidence to show that the defendant voluntarily waived his rights when pleading guilty to the predicate offenses. We find that this is sufficient to preserve defendant's right to challenge the multiple bill on appeal.
To prove that a defendant is a multiple offender, the state must establish by competent evidence that there is a prior felony and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Raymond, 97-81 (La.App. 5 Cir. 5/28/97), 695 So.2d 1039, 1044. Where the prior conviction resulted from a plea of guilty, the state must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to this plea of guilty, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Jones, 517 So.2d 402 (La. App. 5th Cir., 1987), writ denied, 522 So.2d 560 (La.1988).
In the wake of Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391, the Louisiana Supreme Court adopted a new scheme for burdens of proof in habitual offender proceedings in State v. Shelton, 621 So.2d 769 (La.1993).[2] This Court succinctly summarized that scheme in State v. Conrad, 94-232 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345, as follows:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a `perfect' transcript of the Boykin[3] colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an `imperfect' transcript. If anything less than a `perfect' transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary. State v. Conrad, supra.

During the multiple offender hearing in this case, the state introduced the following exhibits:
State Exhibit 1 and 1A: Certified copy of the bill of information, fingerprints, minute entry, and guilty plea transcript in Orleans Parish Case No. 350-322, charging the defendant with simple robbery, in violation of La. R.S. 14:65.
State Exhibit 2 and 2A: Certified copy of the bill of information, fingerprints, minute entry, and guilty plea transcript in St. Bernard Parish Case No. 107-337, charging the defendant with possession of a controlled dangerous substance with intent to distribute, in violation of La. R.S. 40:968.
State Exhibit 3: Certified copy of the bill of information, fingerprints, with minute entry in St. Bernard Parish Case No. 62-051, charging the defendant with simple burglary, in violation of La. R.S. 14:62.
*1132 The state, complying with State v. Conrad, supra, met their burden of proving the existence of the prior guilty plea and defendant's representation by counsel by showing the existence of prior guilty pleas, and defendant's prior representation by counsel. Consequently, the burden of proof shifted to the defendant to produce affirmative evidence showing (1) an infringement of his rights or (2) a procedural irregularity in taking of the plea. State v. Conrad, supra.
In this case, the defendant in the multiple offender proceeding alleged that he was not advised of his constitutional rights when making the prior guilty pleas. However, he presented no affirmative evidence to support that contention.
The state did present the evidence needed. For two of the predicate offenses, case Nos. 350-322 and 107-337, the state presented a "perfect" transcript of the Boykin colloquy between the defendant and the judge.
For the third predicate offense, case No. 62-051, the state presented a certified copy of a minute entry and bill of information. The minute entry reflects that defendant was present with counsel, and it further states that the "Def. was sworn & boykinized by the court." Although in No. 62-051 the state did not present a transcript of the Boykin colloquy, because of the failure of the defendant to present affirmative evidence showing infringement of his rights, the burden did not shift to the state requiring them to present a transcript. Accordingly, the state produced evidence sufficient with which to convict the defendant as a multiple offender under La. R.S. 15:529.1.
Defendant next argues that the state failed to link the fingerprints of the previously convicted felon to those of the defendant. However, at the multiple offender hearing the state called Wayne McKenzie of the Jefferson Parish Sheriff's Office as a witness. After being accepted as an expert in the field of fingerprint identification analysis, Mr. McKenzie compared the fingerprints he took of the defendant that morning (S-4) with the fingerprints from the reverse side of the bills of information in cases numbered 350-322, 107-337, and 62-051 (the prior convictions) and concluded that the prints were made by the same person. Accordingly this assignment is meritless.

CONCLUSION
For the above discussed reasons, the conviction and sentence of the defendant is affirmed. The case is remanded for the trial judge to inform the defendant of the delays for applying for post-conviction relief pursuant to La.C.Cr.P. art. 930.8.
AFFIRMED AND REMANDED.
NOTES
[1] The defendant did file a writ of habeas corpus, requesting release from incarceration. However, the defendant did not file a writ or motion to request resentencing on the multiple bill.
[2] In Parke v. Raley, the United States Supreme Court considered a burden of proof scheme virtually identical to the one adopted by the Shelton Court and held that "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenge the validity of a prior conviction under Boykin." Parke, 506 U.S. at 34, 113 S.Ct. at 525-26.
[3] In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court set forth three federal constitutional rights that are waived by a guilty plea: (1) the privilege against self-incrimination; (2) the right to a trial by jury; and (3) the right to confront one's accusers.