IzGOTHARD, Judge.
The defendant, Kerry Windham, was convicted of attempted simple burglary in violation of La. R.S. 14:27:62, and sentenced to six years at hard labor. Pursuant to a multiple bill, the defendant was found to be a fourth felony offender. The trial court vacated the six year sentence and resentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The defendant now appeals. We reverse the defendant’s adjudication as a fourth felony offender and remand this case for further proceedings.

FACTS

On the night of January 5, 1997 and into the morning of January 6, 1997, Deputy Edward Ducos of the Jefferson Parish Sheriffs Office responded to a 911 call made by Thomas Scott Ball, Jr. Mr. Ball, who was working at Cureton’s Gym on Metairie Road in Jefferson Parish, testified that he was at the gym late on the night of January 5,1997. He further testified that he was alerted to possible trouble by a banging noise and that he saw an African male striking the rear door of P.X.S. Printing, which was across the street from the gym.
laWhen Deputy Ducos arrived at the scene he observed a subject, identified in court as the defendant, running away from the side of the building. The deputy pursued defendant for approximately one block before apprehending him. Deputy Ducos testified that he recovered a hammer and a screwdriver from the shop’s roof. He also recovered a flashlight by the door. These items were introduced into evidence at trial.
Robert Roniger, the owner of P.X.S. Printing, testified that he was called to his place of business on the night of the incident. He testified that he noticed someone had attempted to get into the side door and that the door frame was damaged “from some type of object trying to get into the frame.”
At trial, defendant’s brother, Luther Wind-ham, testified that his brother, Kerry, was supposed to come to his Westbank residence to bring him some medicine. He testified that because his brother does not have a car, Kerry would have been walking. He further stated that his brother walks with a cane.
Defendant testified on his own behalf and denied that he had been at P.X.S. Printing that night. He testified that he was walking down Metairie Road when he was arrested. He stated that he was on his way to bring his brother some medicine because his brother was sick. He further testified that he would not have been able to break into a door because he had a weak arm caused by kidney dialysis treatment. He also said that he could not run because he had hip inflammation.

ANALYSIS

On appeal, defendant does not challenge his conviction, but only his enhanced sentence imposed as a result of the multiple offender proceedings. It is defendant’s contention that the sentence of life imprisonment is unconstitutionally excessive. However, we do not reach defendant’s assignment of error, because Lour review of the record establishes that the habitual offender proceeding was defective and, therefore, the sentence enhancement pursuant to that proceeding must be reversed.
When reviewing records, this court is obligated to evaluate the record for sufficiency of evidence, whether or not sufficiency is assigned as error by the defendant. State v. *1059 Raymo, 419 So.2d 858 (La.1982); State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96) 694 So.2d 351.[1] In State v. Balser, supra, this court conducted a sufficiency review on a multiple offender proceeding.
In the habitual offender bill of information filed in the instant ease, the state alleged that defendant had three predicate convictions obtained after guilty pleas. Specifically, the state alleged (1) that defendant pled guilty on July 9, 1980 to armed robbery, a violation of La. R.S. 14:64, in case number 275-167 in Orleans Parish; (2) that defendant pled guilty on May 26, 1988 to burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2, in case number 325 — 477 in Orleans Parish; and (3) that defendant pled guilty on October 23,1996 to theft, a violation of La. R.S. 14:67.10, in Jefferson Parish. Our review of the record reflects that, while the state adequately proved the 1980 conviction for armed robbery and the 1996 conviction for theft, the state did not adequately prove the defendant’s 1988 conviction for burglary of an inhabited dwelling.
To prove that a defendant is a multiple offender, the state need only establish by competent evidence, that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Raymond, 97-81, p. 12 (La.App. 5 Cir. 5/28/97), 695 So.2d 1039, 1044. See alsoJsLa. R.S. 15:529.1(F). In State v. Conrad, 94-232, pp. 3-4 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345 this court noted the following where the predicate conviction is obtained pursuant to a plea of guilty:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea.
Here, the state alleged that the defendant had three prior convictions, each obtained by a plea of guilty. Thus, the state had to prove, at a minium, the existence of each guilty plea and that defendant was represented by counsel at the time of each plea.
The multiple offender proceedings in the present case were conducted on August 20, 1997 and November 12, 1997. As part of its multiple offender case, the state introduced the following exhibits on August 20, 1997:
State’s Exhibit No. l(S-l) — a card containing Mr. Windham’s fingerprints taken on August 20,1997.
State’s Exhibit No. 2(S-2) — a certified copy of an Orleans Parish bill of information in case number 275-167, charging Kerry G. Windham with' a committing armed robbery on February 27, 1980; a certified copy of a waiver of rights form indicating that defendant was represented by an attorney and pled guilty to this crime on July 9,1980; and a certified copy of the minute entry for July 9, 1980, indicating that defendant pled guilty through counsel and was sentenced to ten years at hard labor.
State’s Exhibit No. 3(S-3) — a certified copy of an Orleans Parish arrest register indicating that Kerry G. l6Windham was arrested on February 27, 1980 for armed robbery and containing a copy' of fingerprints;
State’s Exhibit No. 4(S-4) — a certified copy of a Jefferson Parish arrest register indicating that Kerry Windham was arrested on July 30, 1996 for theft and containing a copy of fingerprints from the arrest register as well as fingerprints from an intake booking sheet;
State’s Exhibit No. 5(S — 5)—a certified copy of a Jefferson Parish bill of informa *1060 tion m case number 96-4860, charging defendant with committing theft of goods on July 30, 1996; a waiver of rights form reflecting that defendant pled guilty to this offense on October 23, 1996 through his attorney; a certified copy of the minute entry indicating that defendant was sentenced to two years at hard labor, that the sentence was suspended and defendant was placed on active probation for that time.
In addition to offering these documents, the state called Deputy Virgil McKenzie of the Jefferson Parish Sheriffs Office, whom the trial judge accepted as an expert in the field of fingerprint identification analysis. Deputy McKenzie compared the fingerprints that he had taken from the defendant that morning with the fingerprints on the reverse side of the Orleans Parish arrest register of February 27, 1980 and testified that the prints were made by the same person. Deputy McKenzie also compared the fingerprints from the Jefferson Parish arrest register of July 30, 1996 with defendant’s fingerprints that he had taken that morning and testified that the prints were made by the same person. After Deputy McKenzie’s testimony, the state asked the trial court to hold the multiple offender proceeding open to allow the state to introduce defendant’s pen packet to prove the release date on the 1980 armed robbery conviction. The state introduced no evidence at this hearing to support its allegation that defendant had pled guilty to the 1988 burglary.
_[¿At the next hearing on November 12, 1997, the state introduced a certified copy of defendant’s pen packet. This pen packet, introduced to show the discharge date for the defendant’s 1980 armed robbery, contains some information that the defendant was sentenced on May 26, 1988 to six years and that the defendant was released on January 29, 1994 after having served six years for simple burglary. This is the only evidence introduced by the state of the defendant’s 1988 conviction.
In this case, the state alleged that the defendant pled guilty to simple burglary in 1988. The evidence submitted by the state does not show either the existence of the 1988 simple burglary plea, or that defendant was represented by counsel at the time he allegedly entered the plea. We therefore find that, on the face of the record before us, insufficient evidence exists to support the adjudication of defendant as a fourth felony offender.
Accordingly, we vacate the defendant’s adjudication as a habitual offender and remand the matter for further proceedings. State v. Raymond, supra. Because double jeopardy principles do not apply to multiple offender proceedings, the state may retry defendant as a multiple offender. State v. Balser, supra.

CONCLUSION

For the above discussed reasons, the defendant’s conviction is affirmed. The adjudication as fourth felony offender is vacated and the matter is remanded for further proceedings.
CONVICTION AFFIRMED; ADJUDICATION AS A FOURTH OFFENDER AND SENTENCE VACATED; CASE REMANDED.

. We note that defendant did file a response to the state’s multiple bill as required by La. R.S. 15:529.1. In addition, although he did not raise the issue as a formal assignment of error, defendant did assert in brief to this court that the state failed to prove the existence of his 1988 simple burglary conviction.