L.DALEY, Judge.
The defendant has appealed his adjudication as a second felony offender and the resulting sentence. For the reasons which follow, we affirm.

FACTS

The defendant pled guilty to simple burglary, a violation of LSA-R.S. 14:62. The defendant waived sentencing delays and was sentenced to eight years imprisonment. The trial court deferred execution of the sentence for two months to allow the defendant to be present for the birth of his child. In accordance with the plea agreement, the trial judge informed the defendant that if he appeared on January 4, 1999 to serve his sentence, two years of the sentence would be suspended, and he would only have to serve six years imprisonment. The trial court also agreed not to increase the sentence if the defendant were found to be a multiple offender.
|sThe State filed a multiple offender Bill of Information alleging the defendant to be a second felony offender. At the conclusion of the hearing on the 'multiple bill, the trial court adjudicated the defendant to be a second felony offender. He was sentenced to six years imprisonment. The defendant filed a timely appeal.
DISCUSSION:
In his first Assignment of Error, the defendant contends the trial court erred in determining that he was a second felony offender. Specifically, the defendant argues that because his fingerprints were found on the arrest register for the *920 predicate offense, rather than the Bill of Information, the State failed to meet its burden of proving his identity as a second felony offender.
To prove a defendant is a multiple offender, the State must establish by competent evidence the prior felony convictions and that the defendant is the same person who was convicted of the prior felonies. State v. Ditcharo, 98-1374 (La.App. 5th Cir. 7/27/99), 739 So.2d 957. The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or photographs contained in a duly authenticated record. State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216, reh’g denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988). This court has held that testimony comparing a defendant’s current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 926, writ denied, 98-792 (La.9/16/98), 721 So.2d 477.
[4At the multiple bill hearing, Captain Merril Bolling, a fingerprint identification expert, testified that the defendant’s fingerprints taken in court at the multiple offender hearing on November 5, 1999 (State Exhibit 1) matched those fingerprints on an arrest register from a Jefferson Parish arrest of October 28, 1992 for possession of a stolen vehicle. (State Exhibit 2).
The arrest register was linked to the record of the predicate offense by similarity of name, date of offense, type of offense, name of the victims, and complaint number. The record of the predicate offense contained a Bill of Information, a Waiver of Rights form, and minute entry/commitment evidencing the plea to illegal possession of stolen things over $500.00. Because the arrest register is adequately linked to the record of the predicate offense, the testimony of the fingerprint expert stating that the fingerprints on the arrest register match those taken at the multiple offender hearing is sufficient to meet the State’s burden of proof as to the identity of the defendant.
The defendant also argues that the evidence presented by the State was insufficient to show the validity of the guilty plea for the defendant’s predicate conviction. Where a prior conviction resulted from a plea of guilty, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to this plea of guilty, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
In State v. Conrad, 94-232 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345, this Court summarized the scheme set forth in State v. Shelton, 621 So.2d 769 (La.1993) for burdens of proof in habitual offender proceedings:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves Isthose two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea.
During the multiple offender hearing in this case, the State introduced State Exhibit 2: an in globo exhibit containing a certified copy of the Bill of Information, a minute entry showing that the defendant was represented by counsel, and a Waiver of Rights form in the 24th Judicial District Case No. 92-6209, signed by the defen *921 dant, his attorney, and the trial judge, charging the defendant with possession of stolen things over $500,00, a violation of LSA-R.S. 14:69.
With this evidence, the State met its burden of proving the existence of the prior guilty plea and defendant’s representation by counsel. Consequently, the burden of proof shifted to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in taking of the plea. During the multiple offender proceeding the defendant failed to allege any infringement of his rights or a procedural irregularity in the taking of the plea. Therefore, the burden never shifted back to the Sate. We find the evidence presented by the Sate, which included a Waiver of Rights form signed by the defendant, his attorney, and trial judge, was sufficient to show the defendant adequately waived his three Boy-kin rights during the guilty plea for the predicate offense.-
In his second Assignment of Error, the defendant argues his six-year sentence as a second felony offender is excessive. However, according to LSA-C.Cr.P. art. 881.1(A)(2), a 'defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This prohibition encompasses sentences imposed pursuant to plea agreements lfisetting forth specific sentences as well as plea agreements with sentencing caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.
The defendant’s six-year sentence as a second felony offender was imposed in conformity with a plea agreement set forth in the record at the time of the plea. The six-year sentence was identical to the sentence the defendant agreed to in his plea bargain, and the trial court agreed that it would not increase the sentence if the defendant were found to be a multiple offender. Accordingly, the defendant is not entitled to review of this sentence on appeal.
For the foregoing reasons, the defendant’s conviction, adjudication as a second felony offender, and enhanced sentence are affirmed.

AFFIRMED.