J^KIRBY, J.
The defendant, Edwin Mayo, was charged by bill of information on August 10, 1998, with distribution of cocaine, a violation of La. R.S. 40:967. He was arraigned on August 19, 1998, and pled not guilty. On October 2, 1998, a motion to suppress was denied and probable cause found. On March 23, 1999, a twelve member jury found the defendant guilty as charged. The State filed a multiple bill accusing the defendant of being a second offender. The defendant pled not guilty to the multiple bill. On April 22, 1999, the trial court found the defendant to be a second offender and sentenced him to twenty-five years at hard labor. The defendant filed a motion to reconsider sentence, which was denied. Defendant now appeals

ERRORS PATENT

La. R.S. 40:967(B)(4)(b) provides that the first five years of a sentence for distribution of cocaine must be served without benefit of parole, probation, or suspension of sentence. The denial of those benefits was not ordered in this case. However, this Court will not correct errors patent favorable to the defendant that | ¿were not argued by the State or the defense. State v. Fraser, 484 So.2d 122 (La.1986).

STATEMENT OF FACTS

On June 26,1998, NOPD was conducting a “buy-bust” operation, in which an undercover officer purchases drugs from a drug dealer and as soon as that officer is safely out of the area, another team moves in and arrests the drug dealer. Sergeant Pat Brown gave Detective Adam Henry some marked currency. Henry drove to the area of America and Dale Streets. The defendant flagged him down. Henry turned into a gas station parking lot and asked for “two dimes.” His car was wired for sound. The defendant said that all he had was a “twenty.” Henry exchanged *464 two ten dollar bills for a piece .of crack cocaine.
Detective Michael Harrison watched Henry drive into the parking lot and make contact with the defendant. Harrison could hear Henry ask for “a couple of dimes” over the transmitter device. He saw the defendant take the cocaine out of his mouth and Henry give the defendant money. Henry drove away. The defendant went into the convenience store. Harrison broadcast a description to the support units.
Sergeant Brown and Detective Paul Toye approached the defendant in the check-out line. As they approached, the defendant threw the money into a cardboard display box. He was then arrested. Brown took a polaroid picture of the defendant. Harrison, Henry and Detective Yvonne Farve, who had also been watching, all identified the defendant.
| .^Henry’s car was also equipped with video equipment, and the jury viewed the tape of the transaction. The substance purchased by Henry from the defendant tested positive for cocaine.

ASSIGNMENT OF ERROR

The defendant argues the State failed to present sufficient evidence of his second offender status. The multiple bill accused the defendant of having one prior conviction: a guilty plea to distribution of cocaine on May 10, 1990 in case # 334-847. At a multiple bill hearing March 30, 1999, the State introduced S-l, fingerprints of the defendant taken that day; S-2, an arrest register in the earlier case containing fingerprints that matched the defendant’s; and S-3 a bill of information packet containing a waiver of rights form and a docket master. The defense objected to the docket master on the ground that it was created by the clerk’s office. The court ruled that the docket master showed that the defendant appeared with counsel on August 9, 1989, withdrew his former plea and pled not guilty. The docket master lacked the necessary recitation that the defendant had been advised of his rights. The court held open the hearing for the State to produce a minute entry. On April, 22, 1999, the State produced the minute entry of August 9, 1989. The defense objected because the minute entry only stated the defendant was represented by his attorney and that he was advised of his rights pursuant to La. C.Cr.P. art. 780.[1] The trial court then found the evidence sufficient.
|4In State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Supreme Court reviewed the jurisprudence concerning the burden of proof in habitual offender proceedings and found it proper to assign a burden of proof to a defendant who contests the validity of his guilty plea. In State v. Winfrey, 97-427, p. 30 (La.App. 5 Cir 10/28/97), 703 So.2d 63, 80, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481, the Fifth Circuit Court of Appeal, citing State v. Conrad, 94-232, pp. 3-4 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345, set out the procedure for determining the burden of proof in a multiple offender hearing:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a “perfect” transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an “imperfect” transcript. *465 If anything less than a “perfect” transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant’s prior guilty plea was informed and voluntary.
Prior to State v. Shelton, 621 So.2d 769 (La.1993), the requirement for proof of Boykinization was a transcript of the plea of guilty or a minute entry showing an articulated waiver of the three rights. In State v. Bland, 419 So.2d 1227,1232 (La.1982), the minute entry alone was sufficient to show that the defendant was informed of his rights where the minute entry itemized those rights. In a footnote in the Shelton opinion, the Supreme Court noted that:
|fi... retention of the three-right articulation rule is not at issue in this case. The plea of guilty form specifically articulates the three Boykin rights. Thus, although we must herein determine whether the form plus the general minute entry are sufficient to meet the state’s burden of proof, we need not today decide whether the state’s burden, if any, should continue to include proof that the three rights were articulately waived. Id., 621 So.2d at 776, footnote 17.
When the defense argues that the Boyk-inization documentation is inadequate, the trial court must weigh the evidence and determine if the State met its burden of proving that the defendant’s prior plea was informed and voluntary. Here, the State produced a guilty plea form, which properly set out the defendant’s Boykin rights. The form was initialed by the defendant and signed by counsel. The State also produced a minute entry establishing that the defendant was indeed represented by counsel. Although the minute entry did not set out all of the Boykin rights, it established that counsel was present when the defendant signed and initialed the guilty plea form, which did set out all of the rights. The trial court did not err in finding the evidence sufficient.
This assignment is without merit.

PRO SE ASSIGNMENT OF ERROR

The defendant argues that the trial court erred in denying his motion to suppress an identification because the identification was not reliable. He also argues the trial court erred in finding that the officers had reasonable suspicion to make an investigatory stop.
The record is not clear that a motion to suppress an identification was ever filed. The minute entry of October 2, 1998, refers only to a “motion to suppress.” At any rate, there was no true “out of court” identification in this case. The 16defendant was arrested immediately upon his having committed a crime by officers involved in the investigation.
As to his argument regarding reasonable suspicion, La. C.Cr.P. art. 213 provides, in pertinent part, that “A peace officer may, without a warrant, arrest a person when: .. .the person to be arrested has committed an offense in his presence.” Here, the defendant committed a crime in the officer’s presence. The officers had reasonable suspicion; therefore, they had probable cause to arrest.
This assignment is without merit.
For these reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. Article 780 informs the defendant of his right to trial by jury.