556 So.2d 129 (1990)
STATE of Louisiana
v.
Benjamin BRUCE.
No. 89-KA-535.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Office of the Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Gretna, for defendant-appellant.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The defendant, Benjamin Bruce, was charged by Bill of Information with theft of a motor vehicle belonging to Barry Ward, a violation of R.S. 14:67 and with receiving stolen property, a violation of R.S. 14:69. He pled not guilty and was tried by a jury and found guilty of both counts. On April 28, 1989, the defendant was sentenced to imprisonment at hard labor for ten (10) years on each count, to run consecutively, with credit for time served. This appeal followed and the appellant alleged eight assignments of error.

FACTS
On the morning of June 11, 1988, Barry Ward drove to his place of employment, Jet Auto Supply, located in Jefferson Parish, in a 1979 Buick Regal automobile which he owned. Mr. Ward parked behind the store leaving his keys in the car. In the late afternoon between 5:00 and 5:30 p.m., while waiting on customers, he looked out the window and saw someone driving away in his car. He was not able to recognize the person who was driving his car, but only saw that it was a black male. Mr. Ward further testified that he had not given anyone permission to take his car.
Mr. Romal Mohammed, the owner of Jet Auto Supply, testified that on June 11, 1988, at approximately 5:30 p.m. as he was pulling into the parking lot of Jet Auto Supply, he observed someone leaving in Barry Ward's car. Noticing that Mr. Ward was not driving the vehicle, he stopped and asked the individual where he was going and whether Barry Ward knew that he had his car. According to Romal Mohammed, the defendant "told me a few choice words and then he took off."
*130 Mr. Mohammed then proceeded to chase the defendant for about a mile to Kenner Avenue and Clay Street. At this point, the person driving Ward's car spun out of control and blew out two tires, causing a collision between the two vehicles. Mr. Mohammed jumped out of his truck, went to the driver's side of the car and tried to grab the defendant. However, he escaped through the passenger door and started running. A chase ensued and Mohammed got into his truck and apprehended the defendant. He identified the defendant in court as the man he saw driving Barry Ward's car and as the person who was chased and eventually apprehended on June 11, 1988. Mohammed also testified that he recognized the defendant as a person who had come into his store several times.
Stephen Furst who also helped in the apprehension of the defendant testified that on June 11, 1988, between 5:00  6:00 p.m. he was at Beck's photography studio. Mr. Furst was still inside the studio when he heard a noise which he thought were tires screeching or engines racing. He rushed outside and as he got to the street he saw a red or maroon vehicle going across the railroad tracks towards Airline Highway with a white pick-up truck close behind. Both vehicles were traveling at a very high rate of speed. The white pick-up truck then struck the red car. The occupant of the truck got out and approached the driver's side of the red car. As it looked like a scuffle was ensuing, Mr. Furst, with Mr. Beck a few steps ahead, went to the scene of the collision. Mr. Furst then observed the person in the red car exit from the passenger door and start running around the back of a church that was at the corner of Kenner Avenue and Clay Street. He began to chase the subject on foot; however, when he approached a yard with some Doberman pinschers he stopped the chase and went around the block to try and see which way the defendant was going. The next time he saw the defendant, he had been caught by Beck and the driver of the truck. He also identified the defendant in court as the man he was chasing that day.
James Beck also testified and likewise identified the defendant and the incident leading up to his capture.

ASSIGNMENTS OF ERROR
In the Assignments of Error and Designation of Record, defense counsel lists eight assignments of error. In her brief, however, she sets forth two arguments, encompassing only three assignments of error. The other five assignments were not argued in the brief and accordingly, Assignments of Error No. 1, 2, 3, 7 and 8 are considered abandoned, pursuant to Uniform Rules of Court-Courts of Appeal, Rule 2-12.4.
ARGUMENT ONE/ASSIGNMENTS OF ERROR NO. 5 AND NO. 4

SUFFICIENCY OF EVIDENCE
In this assignment, defendant challenges the sufficiency of the evidence which was used to convict him of theft and of receiving stolen goods. The appellate brief submitted by defendant does not present any specific factual basis for challenging the sufficiency of the evidence. Rather, he merely urges this court to examine the overall sufficiency of the evidence presented against him at trial.
Defendant was found guilty of both theft, LSA-R.S. 14:67, and receiving stolen goods, LSA-R.S. 14:69. This verdict is in direct contravention of LSA-C.Cr.P. art. 482(A) which states, in part, as follows: "An indictment for theft may also contain a count for receiving stolen things, and the defendant may be convicted of either offense... The district attorney shall not be required to elect between the two offenses charged." (Emphasis added).
The state, in its brief, concedes that both convictions cannot stand pursuant to LSA-C.Cr.P. art. 482. Accordingly, in the error patent discussion, the state requests that the verdict finding the accused guilty of receiving the stolen vehicle be set aside and that the ten year sentence at hard labor for that offense be set aside also. The state further requests that the verdict finding defendant guilty of theft be left intact as *131 the evidence is sufficient to sustain such a finding.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution to find the essential elements of the crime beyond a reasonable doubt.
Therefore, in order to sustain a conviction for theft, the state must prove beyond a reasonable doubt: "(1) that there be a misappropriation or taking, (2) that the misappropriation or taking be of a thing of value, (3) that the thing belong to another, and (4) that the misappropriation or taking be with the intent to deprive the other permanently of that which is the subject of the taking." State v. Pittman, 368 So.2d 708 (La.1979); State v. Bourg, 470 So.2d 291 (La.App. 5th Cir.1985), writ denied, 475 So.2d 354 (La.1985).
The state must further prove the value of the stolen property, for upon this proof depends the determination of the severity of the theft, and the punishment for a convicted offender. State v. Dilworth, 358 So.2d 1254 (La.1978); State v. Bourg, supra.
The facts here sufficiently establish that the defendant took a thing of value (a car) belonging to another (Barry Ward) without consent or authorization and with the intent to deprive the owner permanently of the property taken.
Testimony regarding the value of the car was also presented at trial. Ward testified that he originally paid $250.00 for the vehicle, which, at the time, had no motor in it. He put a motor and transmission in the car, spending about $1,000.00 to do so. Ward further testified that he has approximately $1,250.00 invested in the vehicle. Accordingly, the testimony of Mr. Ward is sufficient to establish the value of the car, an element essential to sustain a conviction.
Even though the state admitted that the conviction for receiving stolen property should be vacated, it is noted that the evidence presented was not sufficient to sustain a conviction for that offense. LSA-R.S. 14:69(A) reads as follows:
Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
As noted in comment (a) of LSA-C.Cr.P. art. 482, "A receiver of stolen things (R.S. 14:69) will be guilty of theft (R.S. 14:67), rather than receiving, if it develops that he procured or in any way participated in the stealing of the goods." As the defendant was seen stealing the car in the present case, he is guilty of theft rather than receiving stolen property.
ARGUMENT TWO/ASSIGNMENT OF ERROR NUMBER SIX
Also assigned as error are any and all errors patent on the face of the record.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignment of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
In the present case, there is reversible error patent based on the fact that defendant was convicted of both theft and receiving stolen property arising from the same incident, in contravention of LSA-C. Cr.P. art. 482. See discussion in Argument No. 1, supra. Accordingly, the defendant's conviction for receiving stolen property must be vacated along with the ten year sentence given for that offense.
A review of the record further reveals that while the minute entry and commitment indicate that defendant was given credit for time served, the transcript does not so reflect. Generally, where there are discrepancies between the minute entry and transcript, the transcript should prevail. *132 State v. Lynch, 441 So.2d 732 (La. 1983); State v. Lockett, 542 So.2d 670 (La. App.5th Cir. 1989). According to LSA-C. Cr.P. art. 880, the court, when it imposes sentence, shall give a defendant credit for time served. Since art. 880 is mandatory in its language, the defendant must be given credit for time served, despite the fact that it is not specifically stated in the transcript.

DECREE
For the foregoing reasons, we affirm the defendant's conviction for theft and his ten (10) year sentence is amended to include credit for time served. His conviction and ten (10) year sentence for receiving stolen property is vacated.
AMENDED, AFFIRMED IN PART, AND VACATED IN PART.