645 So.2d 752 (1994)
STATE of Louisiana
v.
Janice MARTIN.
No. 94-KA-252.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1994.
Philip E. O'Neill, Gretna, for defendant-appellant.
*753 John M. Mamoulides, Dist. Atty., Vincent Paciera, Jr., Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Before GAUDIN, WICKER and GRISBAUM, JJ.
GRISBAUM, Judge.
The defendant appeals her jury verdict of theft over $500. We affirm.

ISSUES
The defendant assigns as error the following:
(1) Whether a confession by a defendant to a private citizen may be introduced as evidence at trial where the defendant maintains the confession was coercively obtained;
(2) Whether the State of Louisiana (the State) may display an exhibit prepared during trial testimony, but not admitted into evidence, to the jury while the jury is physically examining evidence of the trial;
(3) Whether there is sufficient evidence in the record for a rational trier of fact to find defendant guilty of theft over $500; and
(4) Whether a three-hour videotape of defendant during her work shift was exculpatory evidence which the State failed to produce to defendant prior to trial pursuant to Brady.

FACTS
Defendant, Janice Martin, worked as a cashier and manager at the Avondale Spur Station, a gas station and convenience store owned by Dennis Stewart. Her duties included recording sales totals for the previous day into a monthly journal ledger, which were then transferred by the owner to the bookkeeper via computer data.
In May 1992, Dennis Stewart hired two security firms to investigate suspected thefts from his store. Investigators came to the store and interviewed employees, including the defendant. During defendant's interview, she signed a statement admitting that she stole $12,000 during the course of her employment. In the statement defendant indicated she rang up voids on the cash register, tore out the void section of the cash register tape and threw it away. The record indicates defendant recorded lesser amounts of sales in the journal ledgers than actually occurred and then took the difference between the actual sales and the figure recorded. Defendant maintains her statement to the investigator was coerced and she only signed it to end the interview.
On September 17, 1993, after a three-day trial, Ms. Martin was convicted by a six-person jury for theft of money valued over $500. She was sentenced to four years imprisonment at hard labor, which was suspended. Instead, defendant was placed on a four-year active probation and was required to pay $12,000 in restitution and $1,000 in fines.

ANALYSISISSUE ONE
The record shows that the defendant filed a pre-trial motion to suppress her confession on the basis it was coerced. After numerous continuances by the defendant, the hearing on the motion was scheduled to be heard on September 14, 1993, the very morning of the trial. However, it appears that a discussion on the motion to suppress was held in chambers wherein the trial court ruled the statement was admissible.[1]
We note that the United States Supreme Court, in Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), has held that, in order for a defendant to claim his confession is inadmissible because it was involuntary in violation of the Due Process Clause of the United States Constitution, there must be a state actor. Importantly, the Supreme Court further indicated that where a state actor was not involved, the question of whether a confession is admissible is determined by state laws governing the admission of evidence.
La.R.S. 15:451 provides: "Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises." The word "purposes" in this statute "Should be `purports.' The Supreme Court, in quoting the section, has, at least *754 twice, inserted `[purports]' following `purposes'. See State v. Joseph, 1950, 217 La. 175, 46 So.2d 118; State v. Lanthier, 1943, 201 La. 844, 10 So.2d 638." La.R.S. 15:451, fn. 1.
We find this statute mandates the requirement that all confessions, regardless of whether a state actor is involved, must be proven to be voluntary. However, if a state actor is involved, defendant must be advised of his Miranda rights prior to making a statement. See State v. Perry, 502 So.2d 543 (La.1986), cert. denied, 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 156 (1987).
The question of whether a confession is voluntary for the purposes of determining its admissibility is a question to be determined by the trial judge and because the trial judge's ruling on the voluntariness of a confession is based on conclusions of credibility and weight of testimony, it is entitled to great deference which will not be disturbed on appeal unless there is no evidence to support the ruling. See State v. Bourque, 622 So.2d 198 (La.1993) and State v. Lee, 577 So.2d 134 (La.App. 1st Cir.1991), writ denied, 580 So.2d 667-68 (La.1991).
La.Code Crim.P. art. 703, in pertinent part, states:
D. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warranted.
E. (1) An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. The state may file an answer to the motion. The defendant may testify in support of a motion to suppress without being subject to examination on other matters. The defendant's testimony cannot be used by the state except for the purpose of attacking the credibility of the defendant's testimony at the trial on the merits.
Because our review of defendant's motion to suppress the confession shows she simply made a broad allegation claiming her confession was obtained "under the influence of threats, duress, fear and intimidation and promises of reward or other inducements and/or without being advised of constitutional rights," and did not allege specific facts that, if true, would entitle her to relief, an evidentiary hearing on the motion was not required.
In ruling defendant's confession to be admissible, the trial court had to necessarily find the statement to be voluntary. While we do not have a transcript of what transpired during the in-chambers discussion on the motion to suppress, our review of the evidence presented during the trial on the merits of the theft charge supports the finding that the confession was indeed voluntary.
The record shows that the defendant maintained she was held and questioned for four hours in a small room by Don Bernard. She further testified she was not allowed to use the telephone or the bathroom and additionally stated that Mr. Bernard threatened her by telling her that her son's application to become a policeman would be jeopardized and that all her neighbors would know she was a thief. On the other hand, Mr. Bernard testified the interview lasted about one and one-half hours. He denied telling defendant she could not leave the room or use the rest room. He further denied telling her police were waiting outside the room to arrest her.
Since the question of whether defendant's confession was voluntary turns on the credibility of the witnesses, we cannot say the trial court was manifestly erroneous in its decision. There is sufficient evidence in the record which indicates the confession was voluntary.

ANALYSISISSUE TWO
While the record shows that the defendant objected to the display of a State exhibit, which was not admitted into evidence, while the jury was inspecting the evidence, the exhibit itself was not included for our review in the appellate record. Ergo, since we do not have the objectionable exhibit or a copy thereof, we have no way of reviewing the merits of this assignment. Specifically, we cannot determine whether the information on the chart was merely *755 representative of previously admitted evidence or whether it contained information that was never admitted into evidence. Further, without the exhibit, it is impossible for us to determine whether the demonstrative aid was prejudicial to the defendant. It is the defendant's attorney's responsibility to inspect the record; thereafter, if he finds supplementation necessary, he must execute that supplementation. Surely, it is not the court's responsibility.

ANALYSISISSUE THREE
Regarding sufficiency of the evidence, in order to sustain a conviction for theft, the State must prove beyond a reasonable doubt that (1) defendant misappropriated or took, (2) a thing of value, (3) that belonged to another, (4) with the intent to permanently deprive the owner of that which was misappropriated or taken. State v. Bruce, 556 So.2d 129 (La.App. 5th Cir.1990), writ denied, 561 So.2d 114 (La.1990). The State must also prove the value of the stolen property which determines the severity of the theft and the punishment.
Although there is much testimony as to the poor manner in which the sales and accounting of money was handled at the Avondale Spur Station, our review shows there is sufficient evidence from which the jury could conclude beyond a reasonable doubt that defendant took money belonging to the business with the intent to permanently deprive the owner of the money. We note that the jury obviously found defendant's testimony not to be very credible, and we give great deference to the factfinder's determination of credibility.

ANALYSISISSUE FOUR
Regarding the alleged exculpatory videotape, which does not implicate the defendant in theft, we agree with the State's argument that a three-hour videotape does not cast reasonable doubt on the verdict in light of the fact that the bill of information alleges the theft was to have occurred between May 1990 and May 1992. Therefore, we find there is no reasonable probability that had the tapes been disclosed to the defense, the result of the trial would have been different. See Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and State v. Porretto, 468 So.2d 1142 (La.1985).
For the reasons assigned, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] This ruling was placed on the record the day after the in-chambers ruling.