751 So.2d 403 (2000)
STATE of Louisiana
v.
Terrell J. PERKINS.
No. 99-KA-1084.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
*405 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Alison Wallis, Assistant D.A., James F. Scott, III, Assistant D.A., Vincent Paciera, Jr., Assistant D.A., 24th Judicial District, Gretna, LA, for Plaintiff-Appellee.
Carey J. Ellis, III, Rayville, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and THOMAS F. DALEY.
DUFRESNE, Judge.
By this appeal, the defendant, Terrell Perkins, challenges his multiple offender adjudication and sentence. For the reasons set forth herein, we affirm the defendant's conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging the defendant with aggravated burglary, a violation of LSA-R.S. 14:60. The matter proceeded to trial before a twelve person jury, at the conclusion of which the defendant was found guilty of the responsive verdict of unauthorized entry of an inhabited dwelling, a violation of LSA-R.S. 14:62.3. As a result of this conviction, the court sentenced the defendant to six years at hard labor, to run consecutively with any other sentence being served.
The state subsequently filed a bill of information pursuant to the provisions of LSA-R.S. 15:529.1, seeking to have the defendant adjudicated and sentenced as a multiple offender. Following a hearing, the trial court found the defendant to be a second felony offender. The court vacated the defendant's previous sentence and then imposed an enhanced sentence of twelve years at hard labor, without benefit of probation or suspension of sentence. The defendant filed a motion to reconsider sentence which was denied by the trial court. The defendant now appeals, alleging numerous errors in the multiple offender proceedings.

*406 ASSIGNMENT OF ERROR NUMBER ONE

The defendant initially complains that the trial court failed to file written findings as to the multiple offender proceedings.
LSA-R.S. 15:529.1(D)(3) requires a trial court to provide written reasons for its habitual offender determination. In the instant case, although the trial judge failed to supply written findings, he did adequately state the reasons for his determination. Specifically, the court stated the following regarding its findings:
All right. The Court finds that the evidence is sufficient. The plea form indicates that the Court personally interrogated the defendant as to his rights and the plea form was in fact proper and the Court did in fact have the colloquy with the defendant. And the Court finds that the State has carried its burden and has proved that Mr. Perkins is in fact a second time offender having previously been convicted and pled guilty, at least, in 1993, to the three counts of armed robbery and one count of attempted armed robbery.
Given these reasons by the trial judge, we find that any failure to provide written reasons for the multiple offender adjudication constitutes harmless error.[1] Thus, we find no merit to the defendant's first assigned error.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, the defendant asserts that the state failed to meet its burden of proving his identity as a second felony offender because his fingerprints were found on the arrest register rather than on the bill of information for the predicate conviction.
To prove that a defendant is an habitual offender, the state must establish, by competent evidence, the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Bailey, 97-302 (La. App. 5 Cir. 4/28/98), 713 So.2d 588, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. The state may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or photographs contained in a duly authenticated record. State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216, reh'g denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988); State v. Bailey, supra. This court has held that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, writ denied, 98-792 (La.9/16/98), 721 So.2d 477.
At the multiple bill hearing, Sergeant Virgil McKenzie, a fingerprint identification expert, testified that the defendant's fingerprints taken in court at the multiple offender hearing (State Exhibit 1) matched those fingerprints on the reverse side of an arrest register from an Orleans Parish arrest of September 17, 1992 for armed robbery (State Exhibit 3). The arrest register was linked to the record of the predicate offense by similarity of name, date of offense, type of offense and name of the victims (State Exhibit 2). The record of the predicate offense contained bills of information, a waiver of rights form, minute entries, and a commitment evidencing the plea to four counts of armed robbery and one count of attempted armed robbery.
We find that this evidence sufficiently establishes that the defendant was the person *407 convicted of the prior felony. Accordingly, we find no merit to the argument raised by the defendant in this assignment.

ASSIGNMENT OF ERROR NUMBER THREE
In his third assigned error, the defendant argues that the evidence presented at the multiple offender hearing was insufficient to show that his prior guilty plea was taken knowingly and voluntarily. The defendant points to the fact that the trial judge failed to sign the waiver of rights form for the predicate offense.
In State v. Conrad, 94-232 (La. App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345, this court summarized the scheme set forth in State v. Shelton, 621 So.2d 769 (La.1993) for burdens of proof in habitual offender proceedings:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a `perfect' transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an `imperfect' transcript. If anything less than a `perfect' transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary.
During the multiple offender hearing in this case, the state introduced as State Exhibit 2 an in globo exhibit containing certified copies of the bills of information, minute entries showing that the defendant was represented by counsel, and a waiver of rights form in Orleans Parish Case No. 359-768, signed by the defendant and his attorney, charging the defendant with four counts of armed robbery, in violation of LSA-R.S. 14:64, and one count of attempted armed robbery, in violation of LSA-R.S. 14:27:64. The minute entry specifically provided as follows:
The defendant appeared before the bar of the court attended by counsel, Kirkland Atkins Esq. And through counsel withdrew the former plea of not guilty and entered a plea guilty as charged.
This court personally interrogated the defendant as to his rights to have a trial by judge or jury and his right to appeal if convicted; his right to face his accusors, [sic] cross examine the witnesses against him and enter evidence in [sic] his own behalf; his right to remain silent at his trial which could not be held against him, or to testify in [sic] his own behalf, and his right against self-incrimination. The defendant acknowledged that he understood those rights and that by pleading guilty, he was giving up those rights. The court then found that the defendant freely and voluntarily waived his rights accorded by law and that there was a substantial basis to entertain a plea of guilty and ordered the plea recorded.
The waiver of rights form that the state introduced set forth the Boykin rights and stated that the defendant understood he was waiving those rights. Although the waiver of rights form was not signed by the trial judge, the form clearly articulated the waiver of the defendant's Boykin rights, and was signed and initialed by the defendant and his attorney. The entire record in this case, combining the waiver form and the minute entry detailing the colloquy between the defendant and the trial judge, supports the fact that the defendant *408 knowingly and voluntarily waived his rights. Accordingly, we find no merit to the argument raised by the defendant in this assignment of error.

ASSIGNMENT OF ERROR NUMBER FOUR
On appeal, the defendant also complains that the trial court imposed an excessive sentence and failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Daigle, 96-782 (La.App. 5 Cir. 1/28/97), 688 So.2d 158, writ denied, 97-597 (La.9/5/97), 700 So.2d 506. In reviewing a sentence for excessiveness, the court of appeal must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining sentence. State v. Davis, 449 So.2d 452 (La. 1984); State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir.1992). A sentence may be reviewed for excessiveness even though it is within statutory range. State v. Daigle, supra.
The defendant was convicted of unauthorized entry of an inhabited dwelling and was sentenced as a second felony offender to the maximum sentence of twelve years at hard labor without benefit of probation or suspension. See LSA-R.S. 14:62.3 and LSA-R.S. 15:529.1. The defendant now complains that this sentence is excessive and that the trial court failed to adequately consider the sentencing guidelines in the imposition of sentence.
The defendant in the instant case had been previously convicted of four counts of armed robbery, and one count of attempted armed robbery, crimes of violence. Further, as the trial judge noted, although he was only convicted of unauthorized entry of an inhabited dwelling, he was present, without consent in the dwellings of others, while armed with a dangerous weapon. Hence, he could have been convicted of the greater offense of aggravated burglary. Although the trial judge may not have articulated every factor set forth in LSA-C.Cr.P. art. 894.1, he seemed to consider very seriously the defendant's history and the fact that he was armed with a dangerous weapon when he committed this crime.
In light of these factors, we find that the trial judge did not abuse his vast sentencing discretion in imposing the maximum sentence on this particular defendant. Moreover, even if the trial judge did not fully comply with LSA-C.Cr.P. art. 894.1, we find that the record clearly shows an adequate factual basis for the sentence imposed, and thus, remand for resentencing is unnecessary. State v. Tran, 97-640 (La.App. 5 Cir. 3/11/98), 709 So.2d 311. Based on the foregoing discussion, we find no merit to the defendant's claim of excessiveness.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assigned error, the defendant complains that the trial court failed to advise him of his right to remain silent at his arraignment on the multiple offender bill. The record reflects that the defendant's multiple offender arraignment took place on December 18, 1998. However, the transcript from that proceeding is not contained in our record and we are unable to determine whether or not the defendant was advised of his right to remain silent. Although the record in the instant case is silent as to whether the defendant was advised of his right to remain silent, the record reflects that the trial court honored the defendant's right to have a formal hearing, and that the defendant did exercise his right to remain silent by not testifying. Consequently, even if the trial court failed to advise the defendant of his *409 right to remain silent, it is harmless error. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346.

ERROR PATENT DISCUSSION
The defendant has also requested that we review the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals no errors which require corrective action.
For the reasons set forth herein, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The defendant concedes that this failure alone does not warrant reversal of either the adjudication or sentence.