JjPUFRESNE, Judge.
The Jefferson Parish District Attorney-filed a bill of information charging the defendant, Lawrence E. Jolly, with theft of goods valued between $100 and $500, a violation of LSA-R.S. 14:67.10. The matter proceeded to trial before a six person jury, at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the trial court sentenced the defendant to two years at hard labor.
The state then filed a bill of information seeking to have the defendant adjudicated and sentenced as a multiple offender pursuant to the provisions of LSA-R.S. 15:529.1. Following a hearing, the trial court found the defendant to be a fourth felony offender, vacated the defendant’s original sentence, and sentenced him to thirty years at hard labor. The defendant now appeals.

FACTS

This case involves a theft of merchandise at the K-Mart store located on South Clearview Parkway in Metairie.
LOn March 22, 1998, the defendant entered the K-Mart store and proceeded towards the electronics department. Mr. Joseph Talbot, the loss control manager, recognized the defendant as an individual he observed in the store several days earlier acting suspiciously. At this time, Mr. Talbot requested the loss control associate, Mr. Nolan Franz, to follow the defendant. Mr. Franz saw the defendant go into the electronics department and place a thirteen inch color television into his basket. Mr. Franz then followed the defendant to the home appliances department of the store where he observed the defendant place a CD player into his basket. Mr. Franz continued to follow the defendant. He saw the defendant spend a few minutes surveying the exits. The defendant then exited the store with the goods, without paying for the merchandise.
Mr. Talbot and Mr. Franz apprehended the defendant outside the store. Both men testified that the defendant surrendered without resistance. The defendant signed an admission of guilt form and told the men he was taking the items for his girlfriend. The Jefferson Parish Sheriffs Office was called, and Deputy Derrick McGee arrested the defendant. At trial, the value of the merchandise was established to be $269.98.

ASSIGNMENT OF ERROR NUMBER ONE

In his first assigned error, the defendant argues that the trial court erred by allowing inadmissible evidence of other acts committed by the defendant. He specifically complains about Mr. Talbot’s testimony regarding the defendant’s presence and actions in the store on March 17, 1998.
| ¡¡Prior to the commencement of trial, the state expressed its intent to introduce through the testimony of Mr. Talbot that the defendant, on March 17, 1998, was in the store acting suspiciously, and in fact, attempted to take some property, although he did not actually commit a theft at that time. The defendant responded that he did not have an objection to testimony that he was in the store days before the incident; however, he did object to that portion of the testimony which alluded to the fact that he attempted to commit a crime. In response, the state asserted that it was not introducing the evidence to show that the defendant acted in a wrong manner or has bad character, but rather to show the defendant’s system and intent.
The trial court agreed with the state and allowed the introduction of the evidence at trial as to the defendant’s specific actions in the store on March 17, 1998. Specifically, at trial, Mr. Talbot testified that he first saw the defendant in the electronics department of the store on March 17,1998. Mr. Talbot observed the defendant place a VCR and a vacuum cleaner in his shopping cart, exit the electronics department, and head to the front of the store where he stopped and looked around. According to Mr. Talbot, after several minutes of ob *169 serving K-Mart employees in front of the exit door, the defendant exited the store •without the merchandise. The defendant now complains that the trial court erred in allowing this testimony.
Generally, evidence of other acts of misconduct is inadmissible at trial. However, when such evidence tends to prove a material issue and has independent relevance other than showing the defendant’s bad character, it may be admitted by certain statutory and jurisprudential exceptions to the exclusionary rule. State v. Jackson, 625 So.2d 146 (La.1993);4 State v. Cangelosi, 98-589 (La.App. 5 Cir. 11/25/98), 722 So.2d 1107.
Evidence of other acts is allowed to prove “motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, ... or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.” LSA-C.E. art. 404 B(l). One of these factors must be at issue, have some independent relevance, or be an element of the crime charged in order for the other evidence to be admissible. State v. Cangelosi, supra. Moreover, the probative value of the other crimes evidence must outweigh its prejudicial effect. State v. Kahey, 436 So.2d 475 (La.1983).
In the present case, the defendant was charged with theft of goods valued at between $100.00 and $500.00. An essential element of this offense is the “intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking.” LSA-R.S. 14:67.10. The defendant’s intent at the time of his actions on March 22, 1998 was a contested issue at trial which the state bore the burden to prove. Accordingly, we find that the testimony regarding the defendant’s actions in the store on March 17, 1998 was properly admissible to show intent. In addition, this testimony was also properly admissible to show that the defendant’s actions were not the result of mistake or accident.
Moreover, even if the trial court had erroneously admitted this evidence, the improper admission of other crimes evidence is subject to harmless error review. State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, writ denied, 94-1379 (La.4/8/96), 671 So.2d 332. Harmless error exists where the guilty verdict actually rendered at trial was surely Isunattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); State v. Cangelosi, supra. In the present case, the loss control employees at K-Mart witnessed the defendant put the items in his cart and walk out of the store without paying for the merchandise. Moreover, the defendant signed an admission of guilt and said that he took the items for his girlfriend. Given these factors, any error in the admission of the complained of testimony can be deemed harmless.
Based on the foregoing discussion, we find this assigned error to be without merit.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assigned error, the defendant contends that the trial court erred by failing to grant him an evidentia-ry hearing on his motion to suppress and by admitting an inculpatory statement at trial.
Prior to trial, the defendant filed a motion to suppress the statement he made to Mr. Franz. The trial court denied this request, finding that, because Mr. Franz was not a state actor, a motion to suppress did not lie. On appeal, the defendant argues that the statement made to Mr. Franz was inadmissible and that the trial court erred by its failure to hold a hearing on the motion to suppress.
Before the state may introduce a confession or statement for consideration by the jury, the state must prove beyond a *170 reasonable- doubt that the statement or confession was free and voluntary and riot made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. State v. Pittman, 95-382 (La.App. 5 Cir. 10/1/96), 683 So.2d 748; LSA-C.Cr.P. 703(D); LSA-R.S. 15:451. A determination of voluntariness must be made whether or not a state actor |fiis involved. State v. Martin, 94-252 (La. App. 5 Cir. 10/12/94), 645 So.2d 752, unit denied, 94-2787 (La.3/10/95),, 650 So.2d 1174.
Whether a showing of volun-tariness has been made is analyzed on a case-by-case basis with regard to the facts and circumstances of each case. The admissibility of a confession or statement is a determination for the trial judge and his conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession or statement will not be overturned unless unsupported by the evidence. State v. Pittman, supra.
LSA-C.Cr.P. art. 703 states, in pertinent part, that:
E. (1) An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. The state may file an answer to the motion. The defendant may testify in support of a motion to suppress without being subject to examination on other matters. The defendant’s testimony cannot be used by the state except for the purpose of attacking the credibility of the defendant’s testimony at the trial on the merits.
Our review of the defendant’s motion to suppress shows that he simply made a broad allegation that the confession was not made freely and voluntarily but was “made under the influence of fear, duress, intimidation, menaces, threats, inducements, and promises.... ” The defendant did not allege specific facts that, if true, would entitle him to relief. Accordingly, the trial judge did not err in failing to conduct an evidentiary hearing on the defendant’s motion to suppress.
Furthermore, our review of the evidence presented at trial supports a finding that the confession was voluntary and thus properly admitted. The testimony showed that the defendant did not resist apprehension by Mr. |7Franz and Mr. Talbot. Furthermore, he voluntarily signed the “admission of guilt,” stating that he understood -that he was not required to sign the report, and that whether or not he signed the report had no bearing on whether he would be prosecuted. We additionally note that defense counsel had the opportunity, on cross-examination, to question Mr. Nolan and Mr. Franz about the defendant’s statement to them as well as the circumstances surrounding the defendant’s apprehension.
Based on the foregoing discussion, we find that the trial judge did not err by failing' to hold an evidentiary hearing on the defendant’s motion to suppress nor did she err in actually admitting the statement that he made to Mr. Franz. This assignment is likewise without merit.

ASSIGNMENT OF ERROR NUMBER THREE

The defendant also assigns as error the trial court’s failure to file written findings as to the multiple offender proceedings. LSA-R.S. 15:529.1(D)(3) requires a trial court to provide written reasons for its habitual offender determination. In the present case, the record reflects that after hearing arguments of counsel and reviewing the evidence submitted, the trial judge merely announced, “at this time the Court finds that Mr. Jolly is, in fact, a fourth offender in accordance with 15:529.1.”
While the trial court failed to assign written reasons for its determination, the defendant has failed to show how he was prejudiced by such failure. LSA-C.Cr.P. art. 921 provides that “[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, *171 irregularity, or variance which does not affect the substantial rights of the accused.” As will be discussed in the following assignment, the evidence at the multiple offender hearing clearly established that the defendant was |«a fourth felony offender. Given the evidence presented at the multiple offender hearing, we cannot say that the trial court’s failure to assign written reasons for its determination amounts to reversible error. See State v. Perkins, 99-1084 (La.App. 5 Cir. 1/25/00), 751 So.2d 403. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR

In his fourth assigned error, the defendant argues that the evidence presented at the multiple offender hearing was insufficient to prove that his prior convictions were based on valid guilty pleas.
In State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 684-685, this court, citing State v. Shelton, 621 So.2d 769 (La.1993), summarized the burden of proof in habitual offender proceedings as follows:
Where a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If defendant denies the allegations of the bill of information, the State has the burden of proving the existence of the prior guilty pleas and that defendant was represented by counsel. Once the State meets this burden, defendant must produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. Thereafter,- the State must prove the constitutionality of the plea.
In proving the constitutionality of the plea, the State must produce either a “perfect” transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an “imperfect” transcript. If anything less than a “perfect” transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant’s prior guilty plea was informed and voluntary. [citations omitted].
In November of 1998, the state filed a bill of information seeking to have the defendant adjudicated as a fourth felony offender. In the bill, the state listed three prior convictions which resulted from guilty pleas. ^^Specifically, the state alleged that the defendant pled guilty to sexual battery on November 17, 1995; that he pled guilty to first degree robbery on May 7, 1992; and that he pled guilty to obtaining a controlled dangerous substance by fraud on May 20, 1991. The defendant denied the allegations contained in the multiple offender bill of information, and the matter thereafter proceeded to a hearing.
At the hearing, the state introduced a certified copy of the bill of information charging the defendant with sexual battery as well as a minute entry showing that the defendant was represented by counsel, that he was advised of and waived his rights, and that he subsequently pled guilty to the charge of sexual battery. In addition, the state introduced the waiver of rights form signed by the defendant, his attorney, and the trial judge, which reveals that the defendant was advised of and voluntarily waived his right to trial by jury, his right to confront his accusers, and his right against self-incrimination. This waiver form also informed the defendant of the maximum sentence which could be imposed upon a conviction as well as the actual sentence which would be imposed.
With regard to the predicate offense of first degree robbery, the state also introduced a certified copy of the bill of infor *172 mation and a minute entry indicating that the defendant was represented by counsel, that he was advised of and waived his constitutional rights, and that he pled guilty to the offense of first degree robbery. In addition, the state introduced a waiver of rights form signed by the defendant, his attorney, and the trial judge, evidencing that the defendant was advised of and waived his right to trial by jury, his right to confront his accusers, and his right against self-incrimination. This waiver form also reveals that the defendant was linadvised of the maximum sentence which could be imposed as well as the actual sentence which would be imposed in accordance with the terms of the plea agreement.
Finally, the state introduced a certified copy of the bill of information showing that the defendant was charged with obtaining a controlled dangerous substance by fraud, as well as a minute entry showing that the defendant was represented by counsel, that the defendant was advised of and waived his constitutional rights, and that he pled guilty to the offense. As with the other predicate offense, the state also introduced the waiver of rights form executed by the defendant in connection with this plea. The waiver form, signed by the defendant, his attorney, and the trial judge, evidenced that the defendant was advised of and waived his right to a trial by jury, his right to confront his accusers, and his right against self-incrimination
In addition to these documents, the state also introduced the testimony of fingerprint expert Merril Boling. Mr. Boling testified that he took the defendant’s fingerprints in court earlier that day, that he compared those fingerprints with the fingerprints contained in the records of the three prior cases, and that the fingerprints matched those of the defendant.
Given this evidence, we find that the state sufficiently met its burden of proof as set forth in State v. Shelton, supra. The evidence produced by the state, as well as the “perfect” transcript introduced by the defendant in two of the prior cases, clearly shows the existence and validity of the prior guilty pleas and the defendant’s representation by counsel at the time that the pleas were taken.
InBased on the foregoing discussion, we find that the arguments raised in this assignment of error to be without merit.

ASSIGNMENTS OF ERROR NUMBERS FIVE AND SIX

By these two assigned errors, the defendant argues that his enhanced sentence of thirty years is excessive. He further asserts that the case should be remanded for re-sentencing because the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The defendant herein was convicted of theft of goods valued between $100 and $500, a violation of LSA-R.S. 14:67.10, which provides for a sentence not to exceed two years of imprisonment at hard labor and a fine of up to $2,000. The defendant was additionally found to be a fourth felony offender. The pertinent sentencing provision, LSA-R.S. 15:529.1 A(l)(c)(ii), provides that:
If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit or parole, probation, or suspension of sentence.
Two of the defendant’s prior offenses, sexual battery and first-degree robbery, are defined as crimes of violence. Accordingly, under the provisions of LSA-R.S. 15:529.1, the defendant should have been sentenced to life imprisonment without benefit of parole, probation, or suspension *173 of sentence. Therefore, the defendant’s thirty year sentence is clearly not excessive, but rather is illegally lenient. However, the state failed to properly preserve the error for appeal and thus, this court is | ^prohibited from setting aside this illegally lenient sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Harrell, 98-671 (La.App. 5 Cir. 1/26/99), 727 So.2d 1231.
The defendant further argues that the trial court failed to comply with LSA-C.Cr.P. art. 894.1 because it did not adequately state for the record the considerations it took into account when sentencing the defendant. However, a remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not necessary when the sentence imposed is not apparently severe or where the record otherwise clearly illumines the sentencing choice. State v. Hardy, 98-25 (La.App. 5 Cir. 5/13/98), 715 So.2d 466. As previously noted, the defendant should have been sentenced to life imprisonment as a fourth felony offender, and thus, the sentence imposed cannot be said to be apparently severe so as to require a remand. Moreover, given the illegally lenient nature of the sentence, the defendant failed to show any prejudice from the trial court’s failure to adequately comply with LSA-C.Cr.P. art. 894.1.
Based on the foregoing discussion, we find that the arguments raised in these two assignments of error to be without merit.

ASSIGNMENT OF ERROR NUMBER SEVEN

The defendant also complains that the trial court erred by failing to observe the mandatory twenty-four hour delay between the denial of his motion for new trial and the imposition of sentence.
As the defendant notes, the trial court violated the provisions of LSA-C.Cr.P. art. 873 by sentencing him immediately after • the denial of his motion for new trial. However, because the trial court subsequently set aside the original sentence at the multiple offender proceeding, we find this | ^sentencing error to be harmless. State v. Brown, 95-124 (La.App. 5 Cir. 5/30/95), 656 So.2d 1070.

ERROR PATENT DISCUSSION

We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals no errors which require corrective action.
For the reasons set forth herein, the defendant’s conviction and sentence are hereby affirmed.

AFFIRMED.